**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHIE FOSTER LEVINE,

Plaintiff,

v.

1:25-cv-1789 (BKS/CBF)

CENTERS FOR CARE, LLC d/b/a Centers Health Care,
and CLR TROY, LLC d/b/a Troy Center for Rehabilitation
and Nursing,

Defendants.

**Appearances:**

*Plaintiff pro se:*
Richie Foster Levine
Schenectady, NY 12306

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff pro se Richie Foster Levine commenced this action asserting claims against

Defendants Centers for Care, LLC and CLY Troy, LL, under 42 U.S.C. § 1983, other federal

statutes and regulations, and state law. (Dkt. No. 1). Plaintiff also sought leave to proceed *in*

*forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge

Carla B. Freedman for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule

72.3(d). On April 17, 2026, Magistrate Judge Freedman issued a Report-Recommendation

granting Plaintiff's application to proceed IFP and recommending the dismissal of some claims

and that other claims be permitted to proceed. (Dkt. No. 6). Magistrate Judge Freedman informed

Plaintiff that he had fourteen days within which to file written objections to the Report-

Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object within fourteen days

would preclude appellate review. (*Id.* at 11–12). No objections to the Report-Recommendation have been filed. For the reasons that follow, the Report-Recommendation is accepted in part and rejected in part.

## II.   LEGAL STANDARD

As neither party has filed objections, the Court has reviewed the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## III.   DISCUSSION

The Court finds no clear error in the Report-Recommendation's analysis and recommended dismissal of Plaintiff's claims under 42 U.S.C. § 1983, the Federal Nursing Home Reform Act of 1987 ("FNHRA"), False Claims Act ("FCA"), and the Emergency Medical Treatment & Active Labor Act ("EMTALA"). (Dkt. No. 6). The Report-Recommendation further recommends directing Defendants to respond to Plaintiff's "remaining claims," but does not identify which claims should be allowed to proceed. (Dkt. No. 6, at 10). As it is beneficial for the parties to have a clear recitation of the claims that are proceeding in this case, the Court briefly discusses those claims.

Construed liberally, in addition to the claims identified above, the Complaint may be read to assert the following claims against Defendants Center for Care and CLR Troy: (1) discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (2) discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (3) discrimination and denial of a reasonable accommodation, in violation of the Patient Protection and Affordable Care Act ("ACA"), 124 Stat. 260, 42 U.S.C. § 18116; (4) failure to provide necessary care and services, in violation of 42 C.F.R. § 483.24; (5) discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et

2

seq.; (6) discrimination based on creed and disability in violation of the New York Executive Law § 296; (7) discrimination based on creed and disability, in violation of New York Civil Rights Law § 40-c; (8) false imprisonment; (9) unjust enrichment; (10) intentional infliction of emotional distress; and (11) denial of adequate medical care, in violation of New York Public Health Law § 2801-d. As noted, the Report-Recommendation recommended that Defendants be directed to respond to these claims. (Dkt. No. 6, at 10). The Court agrees with one exception. To the extent Plaintiff brings a claim against Defendants for failure to provide necessary care and services, in violation of 42 C.F.R. § 483.24, such claim is subject to dismissal because there is no private cause of action under 42 C.F.R. § 483.24. *See Udoinyion v. Gouverneur Health Care Svcs.*, 18-cv-1055, 2018 WL 4539652, at *2, 2018 U.S. Dist. LEXIS 161325, at *4 (S.D.N.Y. Sept. 20, 2019) (dismissing the plaintiff's claim under 42 U.S.C. § 483.10 et seq. on the ground that the "federal regulations related to requirements for residents in long-term care facilities" in 42 C.F.R. Part 483, "do not provide a private cause of action" (citing *Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3d Cir. 2010)).

Accordingly, to the extent the Report-Recommendation recommends that Plaintiff's claim under 42 C.F.R. § 483.24 proceed, it is rejected; the Report-Recommendation is otherwise accepted in its entirety.

## IV.    LEAVE TO AMEND

"Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir 2000) (internal quotation marks and citations omitted). A pro se plaintiff should have at least one chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d

Cir. 2014) (citation omitted). However, a court may deny even a pro se plaintiff leave to amend when amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the Court cannot say that, with better pleading, an amended complaint would be futile as to any claim dismissed *without prejudice*. Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (internal quotation marks and citations omitted). Any exhibits that Plaintiff wishes the Court to consider going forward must be attached to the amended complaint. This means that the previous complaint and other filings will no longer be the operative documents—everything that is essential must be contained in or attached to the amended complaint.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Freedman's Report-Recommendation (Dkt. No. 6) is **ACCEPTED**; and it is further

**ORDERED** that Plaintiff's FNHRA claim and claim under 42 C.F.R. § 483.24 are **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED** that that Plaintiff's FCA claim is **DISMISSED without prejudice** and Plaintiff is advised that if he wishes to pursue a claim under the FCA involving fraud on the United States, Plaintiff must file a separate action in which he is represented by an attorney; and it is further

**ORDERED** that Plaintiff's 42 U.S.C. § 1983 and EMTALA claims are **DISMISSED without prejudice and with leave to amend** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the following claims may proceed: (1) discrimination and retaliation in violation of the ADA; (2) discrimination in violation of Title VI of the Civil Rights Act of 1964; (3) discrimination and denial of a reasonable accommodation, in violation of the ACA; (4) discrimination in violation of Section 504 of the Rehabilitation Act of 1973.; (5) discrimination based on creed and disability in violation of the New York Executive Law § 296; (6) discrimination based on creed and disability, in violation of New York Civil Rights Law § 40-c; (7) false imprisonment; (8) unjust enrichment; (9) intentional infliction of emotional distress; and (10) denial of adequate medical care, and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Freedman for review; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the complaint will proceed as to the above-identified claims; and it is further

**ORDERED** that the Clerk shall issue summonses as to Defendants Centers for Care, LLC and CLR Troy, LLC, and forward them with copies of the complaint and a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, to the United States Marshal for service upon Defendants. Defendants must file a formal response to

Plaintiff's complaint (Dkt. No. 1) as provided for in the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2026
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

6